HERZIG v. HERZIG.

(Supreme Court, Special Term, New York County. January, 1910.)

*(Syllabus by the Judge.)*

BAILMENT (§ 12*)—GRATUITOUS BAILEE—NONFEASANCE.

The rule that a gratuitous bailee is not liable for mere nonfeasance is not applicable, when the subject of the bailment has been actually delivered and accepted by him.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 37–41; Dec. Dig. § 12.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Carrie Herzig, administratrix, against Simon Herzig. Demurrer to complaint overruled.

John A. Garver, for plaintiff.
Abram G. Meyer, for defendant.

WHITNEY, J. Plaintiff alleges that at defendant's request she delivered to him a certain nonnegotiable promissory note for collection, and in consideration thereof he undertook to use due diligence in collecting, but that he made no effort to do so, and that the note is no longer collectible. She does not allege that defendant was anything more than a gratuitous bailee or mandatary.

Defendant relies on the principle of Thorne v. Deas, 4 Johns. 84, that a gratuitous bailee is not liable for nonfeasance, but only for misfeasance. This rule, however, does not apply when the thing which is the subject of the bailment has been actually delivered to and accepted by the mandatary. Story on Bailments, §§ 171, 171a–171c; Holt, C. J., in Coggs v. Bernard, Ld. Raym. 909; Smith's Lead. Cas. 199. Cases in other states to this effect are collected in a note to 5 Cyc. 180. See, also, note to 2 Parsons on Contracts, 99. This makes it unnecessary to consider whether the complaint states also a cause of action for conversion.

Demurrer overruled, with costs, with leave to answer on payment of costs.